UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOHN JOHNSON

        Plaintiff,

v.

ABBOTT HOUSE

        Defendant.
---------------------------------------------------------------X

Case No. 05 CV 7980 (GBD)

DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO <u>LOCAL CIVIL RULE 56.1</u>

Defendant Abbott House submits the following statement of undisputed material facts pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court for the Southern District of New York and Fed. R. Civ. P. 56(d):

<u>STATEMENT OF FACTS</u>

1. Plaintiff commenced the instant matter pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. Seq. ("Title VII"), and pursuant to New York State Executive Law §296, alleging discrimination and retaliation against Abbott House. *See* Declaration of Daniel G. Ecker in Support of Motion for Summary Judgment ("Ecker Dec."), Ex. A.

2. Plaintiff alleges, in his claim for discrimination, that Abbott House discriminated against him based on his gender by failing to promote him to a position within his department at Abbott House. *Id*. Ex. A, at ¶ 9.

3. In his claim for retaliation, plaintiff alleges that Abbott House terminated his employment after he came forward with information about discriminatory hiring practices and failures to follow accepted practices and mandated reporting procedures regarding sexual harassment. *Id*.

4. Abbott House is a social service agency for youth and families, with headquarters in

Irvington, New York and facilities in the metropolitan and Hudson Valley regions of New York State. *Id.* Ex. C.

5. Plaintiff commenced his employment with Abbott House, as a Unit Administrator ("UA") in Abbott House's Mental Retardation Developmental Disabilities ("MRDD") Department, on June 30, 2003. *Id.* Ex. D; Ex. E at 59. The UA position included responsibility for the day-to-day management and operation of approximately five group homes, with oversight of the residence managers and all residents in the group homes. *Id.* Ex. F. As a UA, plaintiff was responsible for five group homes in Rockland County, New York. *Id.* Ex. E at 59, 74. Plaintiff testified that he accepted the UA position because it involved more money and more responsibilities. *Id.* Ex. E at 62. His starting salary was $46,340.00 per year, and was later increased to $46,750.00. *Id.* Ex. D; Ex. E at 50.

6. Plaintiff was one of three UA's within the MRDD Department. *Id.* Ex. E at 152. George Hoehmann, Abbott House's Director of MRDD, was plaintiff's immediate supervisor. *Id.* Ex. E at 27-28. Gerard Dohrenwend, an Associate Executive Director at Abbott House, was Mr. Hoehmann's immediate supervisor. *Id.* Ex. E at 30, 48-49.

7. In or about May 2004, authority was given for the creation of a position entitled Assistant Director ("AD"), *Id.* Ex. G, which was to fit, hierarchically, between the Director of MRDD and UA positions. *Id.* Ex. E at 153. The new position was a senior program administrator position with responsibility for the supervision of the residential programs in the MRDD Department. *Id.* Ex. H.

8. Plaintiff was one of the candidates for the AD position, and was interviewed for the position by Mr. Hoehmann and then by Mr. Dohrenwend. *Id.* Ex. E at 149.

10. On August 11, 2004, while still a full-time employee with Abbott House, plaintiff submitted an application for full-time employment with Ridgefield Sunrise Cottage, a facility for developmentally disabled children in Ridgefield, Connecticut, plaintiff's town of residence. *Id.* Ex. I; Ex. E at 49-50. Plaintiff testified that he submitted the application because of its proximity to his home. *Id.* Ex. E at 19.

11. In the application, which plaintiff signed and acknowledged was true and complete to the best of his knowledge, *Id.* Ex. I; Ex. E at 50-51, plaintiff wrote that his reason for leaving Abbott House was: "[s]till employed but travel and money are the reason." *Id.* Ex. I; Ex. E at 50. Plaintiff testified that his indication of "travel" referred to the fact that it took him an hour and fifteen minutes to get to his places of work. *Id.* Ex. E at 50.

12. On September 15, 2004, plaintiff submitted his letter of resignation to Abbott House and, as set forth in his testimony, "I resigned my full-time position at Abbott House." *Id.* Ex. K; Ex. E at p. 23. As set forth in the letter of resignation:

> I regret to announce my resignation from Abbott House effective 12/12/04, exactly one month from today. Thank you very much for your supervision and support over the past 16 months. It has been a great experience!

*Id.* Ex. K.

13. At the time that plaintiff submitted his letter of resignation, no determination had yet been made regarding the AD position. *Id.* Ex. E at 24

14. On October 4, 2004, plaintiff was offered the position of program manager at Ridgefield Sunrise Cottage. *Id.* Ex. L; Ex. E at 59. Plaintiff commenced full-time employment there on October 13, 2004, at the rate of $846.15 per week, or $44,000 per year. *Id.* Ex. L; Ex. E at 59.

15. After plaintiff submitted his letter of resignation, he was kept on as a temporary part-

time UA because one of the other two UA's had recently been terminated. *Id.* Ex. M; Ex. O; Ex. P. The part-time position was approved on a temporary basis, pending re-staffing of the two now-vacant UA positions. *Id.* Ex. M; Ex. O; Ex. P.

16. Effective on or about October 18, 2004, plaintiff began working a schedule of twenty hours per week, including eight hours each Saturday and Sunday and four hours Monday. *Id.* Ex. N; Ex. E at 153.

17. The MRDD Department completed the re-staffing of its three UA positions by on or about December 15, 2004. *Id.* Ex. O. As a result, pursuant to the previously established arrangement, plaintiff's temporary part-time position was eliminated and discontinued. *Id.* Ex. O; Ex. P; Ex. E at 118-19.

Dated: Hawthorne, New York
April 16, 2007

TRAUB EGLIN LIEBERMAN STRAUS LLP

By: _____
Lisa L. Shrewsberry (LS1597)
Daniel G. Ecker (DE2017)
Attorneys for Defendant
Abbott House
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532
(914) 347-2600

TO: Derek T. Smith, Esq.
Attorneys for Plaintiff
Akin & Smith, LLC
305 Broadway, Suite 1101
New York, NY 10007
(212) 587-0760

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK            )
                             ss.:
COUNTY OF WESTCHESTER        )

CHRISTINA GOLINO, being duly sworn, deposes and says:

That deponent is not a party to the within action and is over 18 years of age.

That on the 16th day of April 2007, deponent served the within **DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1,** upon the attorney(s) for the respective party(ies) in this action, at the address listed below, such address designated by said attorney for that purpose via **Electronic Case Filing System** and **FEDERAL EXPRESS** by depositing same in a properly addressed wrapper, in an official depository under the exclusive care and custody of Federal Express.

TO:   Derek T. Smith, Esq.
      Attorneys for Plaintiff
      Akin & Smith, LLC
      305 Broadway, Suite 1101
      New York, New York 10007
      (212) 587-0760

_____
CHRISTINA GOLINO

Sworn to before me this
16th day of April 2007.

_____
Notary Public

CHRISTOPHER RUSSO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02RU6128715
QUALIFIED IN WESTCHESTER COUNTY
COMMISSION EXPIRES JUNE 13, 2009